IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GENTRY MOUNTAIN MINING LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MINE LIQUIDATORS, LLC,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br><br>Case No. 4:26-cv-00085-PK<br><br>Magistrate Judge Paul Kohler |

This action was filed on July 27, 2026, on the basis of diversity jurisdiction. On July 29, 2026, the Court issued an Order to Show Cause requiring Plaintiff to identify the members of the LLCs and each members' respective citizenship.[1] The Court warned that failure to do so may result in dismissal.

Plaintiff responded to the Order to Show Cause by identifying the members and citizenships of the members of Gentry Mountain Mining LLC.[2] However, Plaintiff requests additional time to identify the members and citizenship of the members of Mine Liquidators, LLC. Alternatively, Plaintiff requests authorizing early jurisdictional discovery.

"[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing."[3] Plaintiff, as the party invoking diversity jurisdiction, "bears the burden of proving its existence

---

[1] Docket No. 7

[2] Docket No. 11

[3] *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70 (2004).

1

by a preponderance of the evidence."[4] Because Plaintiff bears the burden of establishing jurisdiction and jurisdiction is determined at filing, the Court declines to extend the time for Plaintiff to provide the information it should have provided in its Complaint. Plaintiff's request to wait until after Defendant has been served and files its 7.1 disclosure statement essentially shifts Plaintiff's burden to Defendant. As the committee notes to Rule 7.1 make clear, "[t]he disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction."[5] As set out in the Order to Show Cause, Plaintiff's Complaint fails to do this.

Turning to Plaintiff's request for jurisdictional discovery, "[a] district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, yet such discovery is discretionary."[6] Courts routinely deny discovery on diversity jurisdictional grounds, recognizing that the party invoking the court's jurisdiction must have a basis for so doing prior to filing suit.[7] The Court agrees. Plaintiff cannot ask for discovery on matters it should have uncovered before attempting to invoke this Court's jurisdiction.

---

[4] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

[5] Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment.

[6] *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1250 (D. Colo. 2021); *see also Dental Dynamics, LLC v. Jolly Dental Grp.*, LLC, 946 F.3d 1223, 1233 (10th Cir. 2020) ("District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues.").

[7] *See, e.g., Guzman v. Well Health Labs LLC*, No. 22-2229-JWB-RES, 2022 WL 17830765, at *2 (D. Kan. July 22, 2022) ("Courts that have considered similar facts persuasively deny such discovery because courts should not allow a party to look for what [it] should have had—but did not—before coming through the courthouse doors.") (internal quotation marks and citation omitted); *Nancy P. Assad Tr. v. Berry Petroleum Co.*, No. 13-CV-00544-PAB, 2013 WL 1151912, at *3 (D. Colo. Mar. 20, 2013) (denying request for jurisdictional discovery because "[g]ranting such a request would undermine the well-established rule that the party invoking

It is therefore

ORDERED that Plaintiff's Motion for Extension of Time (Docket No. 11) is DENIED.

DATED this 11th day of August, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter")
(internal quotation marks and citation omitted).

3