**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| GENTRY MOUNTAIN MINING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MINE LIQUIDATORS, LLC,<br><br>Defendant. | **ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:26-cv-00085<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Plaintiff Gentry Mountain Mining, LLC, filed this action against Defendant Mine Liquidators, LLC, asserting a claim for breach of contract.[1] In its complaint, Gentry invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[2] Gentry identified itself as a Utah limited liability company with its principal place of business in Utah and alleged that Mine Liquidators was an Illinois limited liability company with its principal place of business in Illinois.[3]

Promptly after the complaint was filed, the Honorable Paul Kohler issued an order to show cause, explaining that Gentry needed to identify the citizenships of the constituent members of the parties in order to properly allege diversity of citizenship.[4] In its response, Gentry identified each of its members as a Utah citizen but stated that it was unable to find an Illinois entity named Mine Liquidators, LLC, even though that entity was listed along with an Illinois address on the invoice central to this case.[5] Gentry observed that this same address was associated with Shane Wade

---

[1] Dkt. No. 1 at 1, 4.
[2] *Id.* at 1–2.
[3] *Id.*
[4] Dkt. No. 7 at 1–2.
[5] Dkt. No. 13 at 2–3.

Enterprises, Inc., a now-dissolved corporation that listed its president as Shane Wade, who was the signatory on the invoice and the purported CEO of Mine Liquidators.[6] But Gentry did not assert that Mine Liquidators was a registered fictitious name for Shane Wade Enterprises or Mr. Wade himself.[7] Even so, Gentry suggested that if its counterparty to the invoice was Shane Wade Enterprises instead of Mine Liquidators, then diversity of citizenship would be present because Shane Wade Enterprises was an Illinois corporation headquartered in Illinois.[8] Gentry also asserted that, under the circumstances, it could sufficiently establish diversity of citizenship by simply alleging on information and belief that no pertinent individual or entity associated with Mine Liquidators was a Utah citizen when this action was filed.[9]

Following Gentry's response to the order to show cause, Judge Kohler issued a report and recommendation ("R&R"), in which he concluded that this action should be dismissed without prejudice for lack of jurisdiction.[10] Judge Kohler explained that Gentry, as the plaintiff, had the burden of establishing subject-matter jurisdiction and had failed to satisfy this burden.[11] Judge Kohler noted that, other than the identical addresses and the common involvement of Mr. Wade, there were no indications that Gentry had actually contracted with Shane Wade Enterprises or Mr. Wade in his individual capacity.[12] Judge Kohler also observed that it was not enough for Gentry to simply allege that no member of Mine Liquidators was a citizen of Utah; rather, Judge

---

[6] *Id.* at 3–5.
[7] *Id.* at 6.
[8] *Id.* at 7.
[9] *Id.* at 9–10.
[10] Dkt. No. 16 at 1, 3.
[11] *Id.* at 1–2.
[12] *Id.* at 2.

Kohler explained, Gentry needed to "affirmatively demonstrate the citizenship of the LLC's members."[13]

Gentry objects to the R&R, asserting that dismissal is inappropriate because it has submitted sufficient evidence to suggest that Mine Liquidators is not the party responsible for the invoice.[14] Gentry also acknowledges that it must affirmatively allege any defendant's citizenship but argues that the Court, rather than dismissing this action, should provide an opportunity to amend any defective jurisdictional allegations.[15]

The Court reviews de novo any portion of an R&R to which a timely objection is raised. 28 U.S.C. § 636(b)(1). In performing this review, the Court may, among other things, "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a). For jurisdictional purposes, a limited liability company takes on the citizenship of each of its constituent members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[T]he party invoking federal jurisdiction"—in this case Gentry—"bears the burden of proof." *Full Life Hospice, LLC v. Sibelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)). To carry this burden, a party invoking diversity jurisdiction must "affirmatively allege" an opposing party's citizenship; it is insufficient to simply allege that the opposing party is not a citizen of the state where the invoking party is a citizen. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1008 n.3 (10th Cir. 2025). When

---

[13] *Id.*
[14] Dkt. No. 17 at 3–4.
[15] *Id.* at 6–7, 9.

subject-matter jurisdiction is not established, dismissal without prejudice is the appropriate disposition. *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010).

Based on these authorities, Judge Kohler correctly concluded that Gentry has failed to establish jurisdiction. Gentry has not properly alleged the citizenship of Mine Liquidators because it has not affirmatively specified the citizenship of each member of Mine Liquidators. *See Choice Hospice*, 125 F.4th at 1008 n.3; *Siloam Springs*, 781 F.3d at 1238. Additionally, while Gentry suggests that Shane Wade Enterprises *may* be the appropriate defendant because it shares an officer and an address with Mine Liquidators, this sort of equivocation will not do when it is Gentry's burden to establish jurisdiction. *See Full Life*, 709 F.3d at 1016.

At the same time, no service has occurred in this case, so the Federal Rules of Civil Procedure allow Gentry to amend its complaint "as a matter of course." Fed. R. Civ. P. 15(a)(1). More broadly, leave to amend is typically warranted absent "undue delay, bad faith, or dilatory motive on the part of the [party requesting leave], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of those circumstances seem to be present here. Accordingly, while the Court concludes that Gentry has, for the time being, failed to establish subject-matter jurisdiction, it will give Gentry an opportunity to cure its jurisdictional allegations in an amended complaint.

Thus, the R&R is ADOPTED to the extent it concludes that Gentry's current jurisdictional allegations are insufficient. The R&R is MODIFIED to the extent it recommends dismissal of this action as a whole; instead, the Court DISMISSES the initial complaint and GRANTS Gentry leave to file an amended complaint by no later than November 16, 2026.

DATED this 16th day of October 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge